NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SVETELANA THALASINOS, | : |
| Plaintiff, | : Civil Action No. 14-7954 (SRC)(CLW) |
| v. | : OPINION AND ORDER |
| VOLVO CARS OF NORTH AMERICA LLC., et al., | : |
| Defendants. | : |

**CHESLER**, District Judge

This matter comes before the Court based upon two motions to dismiss Plaintiff Svetelana Thalasinos's ("Thalasinos") Complaint, filed by Defendant Adam Kopstein ("Kopstein") [Docket Entry 34], and Defendants Percepta, LLC ("Percepta") and Teletech Holdings, Inc. ("Teletech") [Docket Entry 36]. Thalasinos has opposed the motions. The Court has considered the papers filed by the parties and proceeds to rule on the motions without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will deny Defendants' motions to dismiss.

**I.    BACKGROUND**

The First Amended Complaint alleges that Defendants Percepta and/or Teletech employed Thalasinos as a business analyst from March 3, 2006 until May 23, 2013. (First Am. Compl. ¶ 9.) Teletech is the parent company of Percepta. (First Am. Compl. ¶ 4.) Percepta assigned Thalasinos to work as a business analyst in the Compliance Department at Defendant

1

Volvo Cars of North America ("Volvo") in 2006.  (First Am. Compl. ¶ 10.)  Thalasinos alleges that Defendant Kopstein, her first line supervisor at Volvo, sexually harassed her on a number of occasions from about June 2007 until about May 2013.  (First Am. Compl. ¶¶ 11-14, 17-23, 30-39.)  After a business trip in August 2011, Thalasinos told Kopstein that she wanted to leave the company due to his harassment, and in response Kopstein promised Thalasinos a full-time position with the company if Thalasinos agreed to not complain about this incident.  (First Am. Compl. ¶¶ 17-25.)  Thalasinos complained on several occasions to management and other employees at Volvo about Kopstein's behavior, but Volvo took no action.  (First Am. Compl. ¶¶ 26, 37, 39.)  On May 23, 2013, Thalasinos told Kopstein she would complain about his harassing behavior to the President of the company.  (First Am. Compl. ¶¶ 40-46.)  Kopstein immediately told Volvo Human Resources that Thalasinos had threatened him, and Volvo terminated Thalasinos on the same day.  (First Am. Compl. ¶¶ 45-51.)  Thalasinos raises Title VII and NJLAD claims focused on hostile work environment, retaliation, and disparate treatment against all Defendants, and aiding and abetting claims against Kopstein.

     Thalasinos filed the original Complaint on December 17, 2014 [Docket Entry 1].  A summons issued for all Defendants, but Thalasinos only timely served Volvo with this Complaint, on January 29, 2015 [Docket Entries 2-3].  Thalasinos then changed counsel twice in 2015 [Docket Entries 8, 16].  After retaining her current counsel, Thalasinos filed a First Amended Complaint on December 9, 2015 [Docket Entry 17], and timely served all Defendants

with the new Complaint [Docket Entries 21-22].[1]  Thalasinos then dismissed with prejudice her Title VII federal claims against Teletech on February 2, 2016 [Docket Entry 30].

Kopstein, Percepta, and Teletech now move to dismiss Thalasinos's First Amended Complaint as it pertains to them [Docket Entries 34, 36].  Teletech moves to dismiss for lack of subject matter jurisdiction, given that Thalasinos only raises state law claims against Teletech since has voluntarily dismissed her federal claims [Docket Entry 34].  Percepta, Teletech, and Kopstein also move to dismiss because Thalasinos failed to serve the original Complaint for more than a year after she filed it with this Court [Docket Entries 34, 36].

## II. DISCUSSION

### a. THALASINOS'S FAILURE TO TIMELY SERVE THE ORIGINAL COMPLAINT UNDER RULE 4(M)

Proper service is an essential step in establishing a district court's personal jurisdiction over defendants, and is governed by Federal Rule of Civil Procedure 4.  Rule 4(c)(1) states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."  Fed. R. Civ. P. 4(c)(1).  When Thalasinos filed the original Complaint in December 2014, Rule 4(m) stated that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).[2]

When a plaintiff has failed to serve the complaint within the time period mandated by Rule 4(m), the court may engage in a two-part analysis to determine whether the time for service

---

[1] Thalasinos served Percepta and Teletech with the First Amended Complaint on December 28, 2015 [Docket Entry 21], and Volvo and Kopstein were served on January 5, 2016 [Docket Entry 22].
[2] Effective December 1, 2015, Rule 4(m) requires that service be effected on a defendant within 90 days, thereby shortening the presumptive time for service.  This shortened time period does not apply retroactively.

should be extended. Should the plaintiff show "good cause" for the failure to timely serve a defendant, "the court must extend the time for service for an appropriate period." *Id.* To determine whether good cause exists, courts consider: (1) the reasonableness of plaintiff's efforts to serve; (2) prejudice to the defendant from lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve. *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995), *cert. denied*, 519 U.S. 815 (1996). Furthermore, the Third Circuit has equated good cause with the concept of excusable neglect from Federal Rule of Civil Procedure 6(b)(2). *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995). Excusable neglect requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecomm.*, 71 F.3d at 1097. "The inadvertence or lack of diligence of counsel are generally insufficient to establish good cause for the extension of the time period for service of process." *Cunningham v. New Jersey*, 230 F.R.D. 391, 394 (D.N.J. 2005) (citing *Petrucelli*, 46 F.3d at 1307).

If good cause does not exist, the court may exercise its discretion to extend the time for service, or it may dismiss the case without prejudice. *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). A number of factors may be relevant to this determination: (1) defendants' actual notice of the legal action; (2) prejudice to the defendant; (3) if the applicable statute of limitations would bar a refiled action; (4) the conduct of the defendant; (5) whether the plaintiff is represented by counsel; and (6) any other additional factor that may be relevant. *See Chiang v. United States Small Bus. Admin.*, 331 F. Appx. 113, 116 (3d Cir. 2009) (citing Fed. R. Civ. P. 4(m) Notes of Advisory Committee on 1993 amendments; *Boley*, 123 F.3d at 759).

Thalasinos acknowledges that her service of the original Complaint on Percepta, Teletech, and Kopstein did not comply with the permitted time for service under Rule 4(m). (Opp. Br. at 14.)[3] Furthermore, Thalasinos agrees that the failure of her previous counsel to serve these Defendants was inexcusable, and that no good cause existed for the delay. (*Id.*) Therefore, the Court must consider whether it should exercise its discretion to extend the time for service retroactively, despite the lack of good cause for Thalasinos's delay. Based on the pled facts, the two main issues for the Court to consider are: if and when Defendants had actual notice of Thalasinos's claims; and the effects of the statute of limitations on Thalasinos's ability to refile her Complaint, should the Court dismiss the Complaint without prejudice. The Court considers these factors in light of the Third Circuit's "preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).

First, the Court will consider if and when Percepta, Teletech, and Kopstein had actual notice of Thalasinos's claims. Percepta and Teletech have refused to provide discovery on this issue. In its reply, Percepta asserts that received the EEOC's April 17, 2014 perfected charge, addressing Thalasinos's employment discrimination claims. (Percepta Reply at 1.) Furthermore, Percepta employee Stephanie Stern ("Stern") authored a certification for Volvo on March 13, 2014, focused on the events leading to Thalasinos's termination [Docket Entry 42-1, Ex. D]. Percepta also raised concerns about prejudice, given that Stern has left Percepta and can no longer be called as an employee-witness, but the existence of her certification on these issues

---

[3] The parties do not dispute that Defendants were timely served with the First Amended Complaint [Docket Entries 21-22].

lessened any prejudice that may have resulted from Thalasinos's delay in service.  As for Kopstein, he admits that he had actual notice of the employment discrimination claims raised by Thalasinos in her original Complaint in December 2014, but disputes that he had notice of the aiding and abetting claim Thalasinos raised for the first time in the First Amended Complaint. (Kopstein Reply at 2-3.)  Given that the facts underlying Thalasinos's aiding and abetting claim were pled in substantially the same form in the original Complaint, the Court finds this argument unavailing.

Second, should Thalasinos be required to refile her Complaint to pursue her claims, her claims would be barred by the relevant statute of limitations.  A dismissal without prejudice effectively precludes a plaintiff from refiling suit if the relevant statutes of limitations have expired after filing the original suit.  *See Hritz,* 732 F.2d at 1182 (noting that plaintiffs' "gravest prejudice" is "having their claim barred completely by the statute of limitations").  Although this Court is not required to permit Thalasinos's claims to go forward in this case, since no good cause for the delay in service has been demonstrated, the dismissal of Thalasinos's claims against Percepta, Teletech, and Kopstein, without the ability to refile, would be a harsh penalty given the facts of this case.  *See Petrucelli*, 46 F.3d at 1306.

At this point, Defendants have been served, and the case is ready to proceed forward on the merits.  Thalasinos would have no recourse for her claims should this Court elect to dismiss the First Amended Complaint, due to the statute of limitations on her claims.  Furthermore, it is likely that the Defendants had notice of the claims against them, and the facts underlying the claims, as early as December 2014 (and perhaps earlier for Percepta and Teletech).  The Court concludes that, given these facts, Thalasinos should be permitted to proceed on the merits.  For

these reasons, the Court will exercise its discretion to retroactively extend Thalasinos's time to serve Defendants Percepta, Teletech, and Kopstein.

### b. TELETECH'S MOTION TO DISMISS STATE LAW CLAIMS

Teletech has also moved to dismiss Thalasinos's state law claims, given that Thalasinos voluntarily dismissed all federal claims against Teletech on March 2, 2016 [Docket Entry 30]. Although the Court is not required to exercise jurisdiction over state law claims when the federal claims against a party have been dismissed, the Court may, in its discretion, elect to exercise supplemental jurisdiction over state law claims, pursuant to 28 U.S.C. § 1367(a).  "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisc. Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  Thalasinos claims that she was employed by Percepta and/or Teletech during the period in which her employment-based claims allegedly arose. (First Am. Compl. ¶ 9.)  Furthermore, Thalasinos claims that Teletech is the parent company to Percepta.  (First Am. Compl. ¶ 4.)  Given these pled facts, it is reasonable to conclude that Thalasinos's state law employment discrimination claims against Teletech arise from the same set of facts underlying her state and federal claims against Defendants Volvo, Percepta, and Kopstein.  For these reasons, the Court will elect to exercise supplemental jurisdiction over Thalasinos's claims against Teletech.

Defendants' remaining arguments in these motions are the subject of legal or factual disputes, and are not appropriate grounds to dismiss the case at this time.  Defendants Percepta

and Teletech's request for attorney's fees will therefore be denied, as the Court finds no grounds to conclude that Thalasinos has acted in bad faith.

**THEREFORE, IT IS** on this 16th day of June, 2016,

**ORDERED** that Defendants' motions to dismiss the First Amended Complaint [Docket Entries 34, 36] be and hereby are **DENIED**.

                                             s/Stanley R. Chesler
                                            STANLEY R. CHESLER
                                            United States District Judge